IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Timothy Pearson, Sr., <br> Plaintiff, | ) <br> ) <br> ) | |
| v. | ) | 1:08cv184 (LO/BRP) |
| | ) | |
| Christine Beach, et al., <br> Defendants. | ) <br> ) <br> ) | |

## MEMORANDUM OPINION

Timothy Pearson, Sr., a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, against Riverside Regional Jail ("RRJ") accounting technician Christine Beach and RRJ Superintendent Darnley Hodge, Sr. By Order dated March 31, 2008, plaintiff was informed that he had not stated a § 1983 claim against the named defendants and was directed to particularize and amend his claims. Plaintiff has filed an amended complaint in response. After review of plaintiff's amended complaint, the instant action will be dismissed with prejudice for failure to state a claim. 28 U.S.C. § 1915A(b)(1).[1]

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

**I.**

Plaintiff was admitted to the RRJ in September of 2007. He alleges that he is not employed, and instead depends on family and friends to make monetary deposits to his inmate account at the jail. Plaintiff claims that he received various deposits to his account, but complaints that defendant Beach, RRJ's accounting technician, debited $128.00 in "room and board fees" from the account, "froze" the account and placed it in a "negative balance or a zero balance" on several occasions between September, 2007 and February, 2008. He alleges that he was "not told" that he would be "subject to being place[d] in debt or account being frozen" for failing to keep enough money in the account to satisfy the imposition of the daily room and board fee allowed by Va. Code § 53.1-131.3. He claims that the imposition of this fee in this case violates his constitutional rights. The amended complaint, which omits any mention of defendant Hodge, does not contain a request for relief.

**II.**

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D.Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when it fails to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, — U.S.—, 127 S.Ct. 1955, 1974 (2007).

**III.**

Virginia Code § 53.1-131.3 authorizes sheriffs and jail superintendents to establish programs

to charge inmates a reasonable fee for the cost of their room and board, not to exceed $1.00 per day.[2] Plaintiff claims first that the imposition of this fee against him violates the Eighth Amendment's prohibition against cruel and unusual punishments. Specifically, plaintiff asserts that it is cruel and unusual punishment for his account to have been placed "in debt" or in a "negative balance" and then for "outside funds" to have been taken from the account to satisfy any debt incurred by the imposition of the room and board fees.

As an initial matter, neither the amended nor the original complaint indicates whether plaintiff was a pre- or post- trial detainee during the time of the events about which he complains.[3] Pre-trial detainees may be detained to ensure their presence at trial and may be subjected to restrictions and conditions of the detention facility as long as those conditions and restrictions do not amount to punishment. Bell v. Wolfish, 441 U.S. 520, 536-37 (1979). As the United States Court of Appeals for the Fourth Circuit has recognized, the "due process rights of a pre[-]trial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner; [and] while the convicted prisoner is entitled to protection only against punishment that is 'cruel and

---

[2] The statute provides, in relevant part:

> Any sheriff or jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $1 per day, to defray the costs associated with the prisoners' keep .... Such funds shall be retained in the locality where the funds were collected and shall be used for general jail purposes.

Va. Code § 53.1-131.3.

[3] Plaintiff was directed in the March 31, 2008 Order to inform the Court whether he was a pre- or post- trial detainee during the time of the events about which he complains. The amended complaint states that plaintiff was admitted to the RRJ in September of 2007, but gives no indication as to whether plaintiff was so admitted as a detainee pending trial or after having been convicted of a crime.

3

unusual,' the pre[-]trial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to any form of 'punishment.'" Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (emphasis in original). However, although pre-trial detainees "have a right to be free from punishment, clearly 'not every inconvenience encountered during pre[-]trial detention amounts to punishment in the constitutional sense.'" Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005) (quoting Martin, 849 F.2d at 870). This conclusion is "axiomatic" because pre-trial detention itself "'may imperil the suspect's job, interrupt his source of income, and impair his family relationships.'" Id. (quoting Gerstein v. Pugh, 420 U.S. 103, 114 (1975)). To the extent that plaintiff was (or is)[4] a pre-trial detainee during the time of the events about which he complains, his claim that the imposition of the daily room and board fee of one dollar amounts to unconstitutional "punishment" of a pre-trial detainee is foreclosed by the Fourth Circuit's holding in Slade v. Hampton Roads Regional Jail. In that case, a pre-trial detainee challenged the room and board charge allowed by Va. Code § 53.1-131.3 as an unconstitutional punishment prior to conviction. 407 F.3d at 250. The Fourth Circuit found, however, that the statute contained no stated purpose or intent to punish pre-trial detainees and concluded that the daily charge does not amount to unconstitutional "punishment" of pre-trial detainees. 407 F.3d at 251-52. Moreover, nothing in the amended complaint suggests a contrary conclusion. Plaintiff's allegation that jail authorities deducted from his inmate account "outside funds" deposited by family and friends to satisfy the debt outstanding created by the imposition of the daily fee adds nothing to his claim. The RRJ may constitutionally charge the plaintiff a daily room and board fee not to exceed one dollar per day. It

---

[4] In the amended complaint, plaintiff states that "its [sic] still accruing and [plaintiff] is subject to have to keep $30.00 to $31.00 each month on his account to just not be place in a negative balance."

4

necessarily follows, therefore, that the RRJ may debit from plaintiff's inmate account funds available in satisfaction of any unpaid charges without unconstitutionally "punishing" plaintiff. Accordingly, this allegation fails to state a § 1983 claim for a denial of substantive due process.

To the extent that plaintiff was (or is) a post-trial detainee during the time of the events about which he complains, he has also failed to state a § 1983 claim. The Eighth Amendment protects against the infliction of those punishments that are "cruel and unusual." U.S. Const. amend VIII. As discussed, the Fourth Circuit has expressly held that the imposition of a daily room and board fee not to exceed one dollar does not amount to "punishment." Slade, 407 F.3d at 251-52. However, even if the court were to assume that the imposition of the daily room and board fee of one dollar constituted a punishment, the instant allegation still fails to state a Eighth Amendment claim under § 1983 because plaintiff has not alleged facts sufficient to show that the imposition of that "punishment" in this case is cruel and unusual.

To state an Eighth Amendment claim for the imposition of a cruel and unusual punishment, the prisoner must state facts sufficient to show two elements: 1) that the deprivation of a basic human need was objectively sufficiently serious and 2) that subjectively, prison officials have acted with a sufficiently culpable state of mind. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993); see Waters v. Bass, 304 F.Supp.2d 802, 807 (E.D.Va. 2004). However, plaintiff fails to allege facts sufficient to show either one of these elements. First, nothing in the amended complaint suggests that being required to pay the daily room and board fee of one dollar extends plaintiff's prison sentence, deprives plaintiff of any basic human need, or "otherwise renders him without necessities such as food and shelter." Waters, 304 F.Supp.2d at 808. Plaintiff does allege that, as a result of the deduction of funds from his inmate,

he is "subject to use [unspecified] indigent items" which he claims are "not healthy and cause irritations and rash's [sic]." However, this allegation is insufficient to state a claim that plaintiff has been deprived of any basic human need. As an initial matter, it is unclear what plaintiff is referring to when he states that he is "subject to use indigent items." Despite the Court's Order directing him to particularize and amend his claims, plaintiff has not identified the items about which he complains, nor does he provide facts sufficient to support his conclusory claim that such items are "not healthy."[5] Moreover, plaintiff's claim that he has suffered "irritations and rash's [sic]" as a result of these unspecified items and will suffer "embarrassment" if he does not use them fails to demonstrate the presence of a physical or emotional injury so serious as to qualify as an "extreme deprivation" sufficient to satisfy the objective component of an Eighth Amendment claim. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); cf. Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (concluding that an inmate deprived of toilet paper, soap, toothpaste and toothbrush while kept in a filthy, roach-infested cell suffered no punishment when no physical harm resulted). Finally, the requirement that plaintiff pay the RRJ's minimal daily fee of one dollar does not reflect any "constitutionally culpable" state of mind on the part of RRJ officials. Waters, 304 F.Supp.2d at 807. As the Fourth Circuit has recognized, the daily deduction of the room and board charge from the prisoner's account "is a ministerial matter with no discretion and minimal risk of error." Slade, 407 F.3d at 253. Nothing in the amended complaint in this case suggests otherwise. As such, this allegation fails to state a claim under the Eighth Amendment for the imposition of a cruel an unusual

---

[5] In the original complaint, plaintiff stated that he was "subject of using indigent items," but failed to provide any further specifics about these items. Plaintiff was given the opportunity to particularize and amend his claims, but has still failed to explain to the Court anything about these items other than describing them as "indigent" items.

punishment.[6]

Next, plaintiff asserts that the imposition of the room and board fee in this case violates his right to procedural due process. The Fourteenth Amendment provides that no state shall deprive any person "of life, liberty, or property without due process of law." U.S. Const. amend XIV. Given this "constitutional command," courts must pose two questions when reviewing a claimed violation of procedural due process. See Slade, 407 F.3d at 253. "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State, the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citations omitted). Assuming that plaintiff has a property interest in the funds in his inmate account, his conclusory claim that he was "placed in debt without procedural due process" is insufficient to suggest that the room and board fee deductions from his inmate account were made in a constitutionally insufficient manner. Moreover, procedural due process does not require a hearing before the room and board fee is debited from a prisoner's inmate account. As discussed, the Fourth Circuit has recognized that the application and deduction of the room and board fee is a ministerial matter with "no discretion and minimal risk of error." Slade, 407 F.3d at 253. As such, although due process *generally* requires pre-deprivation hearings where the loss of property results from established state procedures, Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), such a non-discretionary, ministerial deduction from a prisoner's inmate account presents "little risk of erroneous deprivation that a pre-deprivation hearing would ameliorate." Slade, 407 F.3d at 253. Because procedural due process does not require that an inmate such as

---

[6] Plaintiff does not suggest that the imposition of the fee violates the Eighth Amendment's prohibition against excessive fines.

plaintiff receive a pre-deprivation hearing before the room and board charge is deducted from his inmate account, Id., these allegations fail to state a claim for a due process deprivation.[7]

Finally, plaintiff alleges that the placement of his inmate account in a "negative" or "zero" balance violates his right to equal protection. The Equal Protection Clause of the Fourteenth Amendment protects against arbitrary classifications by state actors. See U.S.Const. amend XIV § 1. Such classifications, however, need only be rationally related to a legitimate state interest "unless a classification trammels fundamental personal rights or is drawn upon inherent or suspect distinctions such as a race, religion, or alienage ..." City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976). While the Equal Protection Clause protects prisoners from discriminatory treatment by prison officials, prisoners are not a suspect class. See Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997). Therefore, prisoner regulations need only survive a reasonableness inquiry. To state a claim for a violation of the Equal Protection Clause, plaintiff must allege facts sufficient to show that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of purposeful discrimination. See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). Nothing in the amended complaint, however, suggests that plaintiff has been treated differently from others with whom he is similarly situated. As such, plaintiff's allegation fails to state a claim of constitutional magnitude.

---

[7] Moreover, plaintiff has not alleged the absence of any post-deprivation remedy.

8

## IV.

Based on the foregoing, plaintiff has failed to present a claim for which relief can be granted in this § 1983 proceeding. As such, the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. An appropriate Order shall issue.

Entered this 21st day of April 2008.

Alexandria, Virginia

/s/ 
Liam O'Grady
United States District Judge